UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | Case No. 09CV1120-L (BLM) |
| Plaintiff, | ORDER ON STIPULATION AS TO PROPOSED PROTECTIVE ORDER |
| vs. | |
| T H SUNGLASS CORP., a California corporation, | |
| Defendant. | |

Stipulated Protective Order

1

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record; and

WHEREAS, the parties believe that good cause exists for entry of a protective order in this case as follows:

## GOOD CAUSE STATEMENT

This is an action for, *inter alia*, patent infringement relating to eyewear. Both the plaintiff and the defendant are distributors of eyewear, primarily sunglasses, and in this regard they are competitors in the marketplace. The documents that would be the subject of discovery in this case will be comprised primarily of commercially sensitive internal documents of each party which, in the ordinary course of their respective businesses, each party would aggressively guard and treat as confidential such as sourcing data, cost information, wholesale pricing figures, customer names, customer buying trends and other competitive information contained in purchase invoices, wholesales invoices, related commercial documents and internal distribution and marketing documents. Moreover, it is anticipated that discovery may call for the disclosure of internal development documents and business strategies by Oakley, as well as the source of manufacturing from either or both parties. All of such documents are of the type that either party would not, for legitimate business reasons, disclose to the other. Moreover, it is the practice of both parties that the documents relating to commercial transactions involving purchases and sales of eyewear products at the wholesale level cover numerous stock keeping units ("SKUs" or item numbers). A single wholesale invoice to a retail eyewear customer can contain commercially sensitive information concerning dozens of different SKUs, many of which would

Stipulated Protective Order

not be implicated by the infringement claims asserted in this civil action.  Purchase invoices from the parties' suppliers often cover multiple SKUs as well.  Thus, the production of documents by either party showing purchase, importation and sale of eyewear products would disclose a wealth of commercially sensitive information to the other party including substantial information about unrelated SKUs.  Unless such documents can be limited to "Eyes of Counsel," the party receiving such documents through discovery will obtain access to highly sensitive pricing information, sourcing information, customer names, customer buying trends and the like, accordingly,

    IT IS HEREBY STIPULATED, subject to the Court's approval, and ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

    l.    <u>Definitions.</u>

    (a)  <u>"Confidential Information".</u>  For purposes of this Order, "confidential information" means information which the designating party deems to constitute trade secrets or other confidential research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.  It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof under this Order commences with such notice.

    (b)  <u>"Documents".</u>  As used herein, the term "document" shall have the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter in any medium and of any type or description upon which information is recorded.

(c) "Pleadings". As used herein, "pleadings" means, without limitation, the following items: complaint, answers, cross claims, counterclaims, or amendments thereto, orders of the Court, briefs, memoranda, interrogatories and responses thereto, requests for admissions and responses thereto, requests to produce or any other documents and exhibits filed with this Court in connection with this proceeding.

2. Levels of Confidentiality. In recognition of the fact there are different degrees of sensitivity for various pieces of information and that it may be necessary for counsel to show some confidential materials to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

(a) "CONFIDENTIAL-CATEGORY 1-ATTORNEYS EYES ONLY" confidential materials shall be disclosed only to (i) counsel of record for a non-designating party, the members of their firm, and their office personnel assisting in the conduct of the case; (ii) authors of and lawful recipients of the Confidential Category 1—Attorneys Eyes Only confidential materials; (iii) other persons with the prior written approval of counsel for the designating party or non-party and with written approval of opposing counsel; and (iv) experts retained to assist counsel in the preparation of the case and their office personnel, provided that the names and employment affiliations of the experts are provided to the disclosing party's counsel at least 10 days in advance of such disclosure so that counsel for the disclosing party may have an opportunity to object to the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court.

(b) "CONFIDENTIAL-CATEGORY 2" confidential materials may be shown to persons authorized to review Category 1 documents as well as the parties or their officers, directors, and employees to the extent necessary for the conduct of this action, authors of and lawful recipients of the Confidential Category 2—

Attorneys Eyes Only confidential materials and deponents noticed by the parties.

(c)    Each independent expert and other individual receiving confidential information shall be shown a copy of this Order before receiving any confidential materials and shall sign a copy of the Order agreeing to be bound by its terms. Disclosing counsel shall retain the signed copies of the Order.

3.    <u>Designation of Documents, Pleadings or Things.</u>  Documents, pleadings (or portions thereof) or things produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information, within the meaning of this Order, shall be designated as confidential by the producing party at the time of production, and copies of documents, pleadings, things or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL - Category (l or 2)" by the producing party at the time of production.

4.    <u>Designation of Deposition Testimony.</u>

(a) <u>At the Deposition.</u>  At any deposition session, upon any inquiry with regard to the content of a confidential document, or when counsel for a party deems that the answer to a question will result in the disclosure of confidential information of his client within the meaning of this Order, counsel, at his option, in lieu of taking other steps available under the Federal Rules of Civil Procedure in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in accordance with paragraph 3 herein. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph 2 hereof, and the information contained therein shall not be used for any purpose other than for purposes of this suit.  Counsel for the party whose confidential information is involved may also request that all persons other than the reporter, counsel and individuals specified in Paragraph 2 hereof leave the deposition room during the confidential portion of the deposition.  The failure of such other persons

to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that he need not answer the question. Each party shall have only one representative attend depositions of another party or third party witnesses.

(b) <u>Subsequent to the Deposition.</u> Alternatively, parties may, within thirty (30) days after receipt of a deposition or hearing transcript, designate in writing to all parties any pages containing confidential information under paragraph 2(a) or 2(b) of this Order. Access to the portion of any transcript so designated shall thereafter be limited in accordance with the terms of this Order.

5. <u>Good Faith Requirement.</u> A party shall only classify materials under paragraph 2 of this Order upon a good faith belief that the material contains confidential proprietary information and that classification under paragraph 2 will, in that party's opinion, prevent commercial damage to that party.

6. <u>Filing with the Court.</u> Without the written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any documents or things containing designated Confidential Information. A Party that seeks to file under seal any documents containing designated Confidential Information shall file an application with the court for leave to file papers under seal and said Party must comply with Local Rule 79.2 and Local Patent Rule 2.2 with respect to said application. Pending the ruling on any such application, the documents or portions thereof subject to the sealing application shall be lodged with the court under seal.

7. <u>Restriction on Disclosure.</u> No person or party receiving any document or information designated as confidential under this Stipulated Protective Order shall disclose such to anyone not specified in Section 2 hereof, nor use such for any purpose other than for the purposes of this action (i.e. preparation for trial, trial and any pretrial or post-trial proceeding), without the prior written consent of the designating party or further order of this Court.

8. <u>Information in Public Domain.</u>  Counsel for a non-designating party shall have the right to assert that any information designated confidential is, in fact, in the public domain.  Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, shall be deemed to be in the public domain.  A non-designating party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Order) of such information previously designated confidential, either obtain the approval, in writing, of the designating party, or the approval of the Court to make such disclosure.

9. <u>Relief from Order.</u>  This Stipulated Protective Order is intended to provide a mechanism for the handling of confidential information and documents to the disclosure or production of which there is no objection other than confidentiality. This Order shall be without prejudice to the rights of the parties to object to the disclosure of information or production of documents it deems confidential or to bring before this Court at any time the question whether any particular information is or is not confidential, whether such information is properly categorized, or whether disclosure at trial in open court is nevertheless necessary in the interest of justice.  Any party may also move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality hereunder or the application of this Order in any particular circumstance.

10. <u>Term of Order.</u>  This Stipulated Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect and shall survive the

termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.  This Stipulated Protective Order may only be amended by order of the Court.

11. <u>Third Parties.</u>  To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Order.  Third parties who have been subpoenaed to testify or produce documents may designate any deposition testimony or, with the approval of the court, hearing or trial testimony, or document or thing produced by them contains information, which is Confidential information and/or Confidential Attorneys Eyes Only information, and such third parties shall have the same rights and obligations with respect to such information as the parties hereto.

12. <u>No Waiver.</u>  The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose a designation or challenging a designation.

13. <u>Violations of Order.</u>  Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for an injunction or an Order to Show Cause seeking to hold that party in contempt of Court and seeking such other relief as may be appropriate under the circumstances.  Any such motion shall be supported by evidence to verify the claims of the dispute. If the Magistrate Judge lacks authority to issue an injunction or contempt order, the parties agree to have the matter heard by the District Court Judge assigned to the case. The parties have stipulated that pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall voluntarily

discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order. The Court accepts this stipulation as voluntarily binding by and between the parties.

14.     <u>Jurisdiction of Court.</u>   The Court retains jurisdiction to enforce the provisions of this Stipulated Protective Order and to make such amendments, modifications, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate during the pendency of the case.

15.     <u>Return of Materials.</u>  Within sixty (60) days after final termination of this action, including all appeals, each receiving party shall be under an obligation to assemble and return to the designating party all documentary material or memoranda embodying information still designated confidential, including all copies of such memoranda or documentary material which may have been made. Receipt of such documentary material by the party from whom it emanated shall be acknowledged in writing.

16.     Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

17.     Stipulation to this Order shall not affect Defendant's right to seek transfer of court for improper venue.  However, any right or obligation of either party under this Protective Order shall not be affected by such transfer, if any. To be clear, Plaintiff contends that venue is proper in this case, and by no means consents to transfer or believes that a transfer would be appropriate.

IT IS SO ORDERED.

DATED: ____September 11,_____, 2009          _Barbara L. Major_____
                                                U.S. MAGISTRATE JUDGE